IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02902-GPG

ELMER L. CROSS, JR.,

    Plaintiff,

v.

ARAMARK CORPORATION, and
DORIS, Aramark Commissary Employee,
UNNAMED MALE, Aramark Commissary Employee,
UNNAMED MALE, Aramark Commissary Employee, and
UNNAMED FEMALE, Aramark Commissary Employee,

    Defendants.

ORDER DISMISSING CASE AND DIRECTING PLAINTIFF TO SHOW CAUSE

    Plaintiff, Elmer L. Cross, was detained at the Denver County Jail, when he initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).

    Magistrate Judge Boyd N. Boland reviewed the documents and determined they were deficient.  On October 28, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Mr. Cross to cure certain deficiencies, including submitting on the proper forms a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

    Of the numerous motions Mr. Cross filed in the action, only the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 45) and Prisoner Complaint (ECF No. 46) filed on January 27, 2015, cured the original deficiencies.  However, on February 10, 2015, Mr. Cross notified the Court that he was

released from custody on January 26, 2015, and currently resides in Denver, Colorado. Thus, the Court entered an order (ECF No. 47) on February 18, 2015 explaining that his continuing obligation to pay the filing fee is to be determined, like any nonprisoner, solely on the basis of whether he qualifies for *in forma pauperis* status.  The Court, therefore, ordered Mr. Cross to submit on the Court-approved form an Application to Proceed in District Court Without Prepaying Fees or Costs, the *in forma pauperis* form to be used by nonprisoners.

The Court also reviewed the Prisoner Complaint (ECF No. 46) and found that it was deficient because Mr. Cross did not appear to have a remedy under 42 U.S.C. § 1983 against the named Defendants because Mr. Cross alleged that all named Defendants were private entities or civilians who were not acting under color of state law.  The Court further found that the Complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Thus, the February 18 Order directed Mr. Cross to file an amended complaint that complies with the pleading requirements of Rule 8, names proper parties, and asserts each defendant's personal participation in the alleged violations.  Mr. Cross was warned that the action would be dismissed without further notice if he failed to file an amended complaint within thirty days.

Mr. Cross has failed to submit an amended complaint within the time allowed. Therefore, the action will be dismissed without prejudice for failure to comply with the February 18 Order to file an amended complaint and an application to proceed *in forma pauperis*.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Cross files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

In addition, for the reasons stated below, Mr. Cross will be directed to show cause why he should not be prohibited from filing new actions without either the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado or the permission of the Court to proceed *pro se.*

In a three-month span (October 10, 2014 - January 27, 2015), Mr. Cross has initiated thirteen civil rights actions, including the instant action, in this Court. Mr. Cross has been unable to pursue his claims in any of these actions in a proper manner, and all have been dismissed as factually frivolous or for failure to comply with Court orders:

1. *Cross v. City of Denver, et al.,*, No. 14-cv-02793-LTB (D. Colo. Oct. 10, 2014), dismissed with prejudice as frivolous.

2. *Cross v. Dr. Crum, et al.,* No. 14-cv-02805-LTB (D. Colo. Oct. 14, 2014), dismissed without prejudice for failure to file an amended complaint as directed within the time allowed.

3. *Cross v. City of Denver, et al.*, No. 14-cv-02872-LTB (D. Colo. Oct. 21, 2014), dismissed without prejudice for failure to show cause why action should not be dismissed as repetitive of No. 14-cv-02793-LTB as directed within the time allowed.

4. *Cross v. Sargent Koch, et al.*, No. 14-cv-02923-LTB (D. Colo. Oct. 28, 2014), dismissed with prejudice as frivolous. Plaintiff is warned the Court may impose appropriate sanctions if he persists in engaging in frivolous lawsuits.

5. *Cross v. Sheriff's Deputy Leyba, et al.*, No. 14-cv-02948-LTB (D. Colo. Oct. 30, 2014), dismissed with prejudice as frivolous. Plaintiff is warned the Court may impose appropriate sanctions if he persists in engaging in frivolous lawsuits.

6. *Cross v. Sheriff's Deputy Leyshon, et al.*, No. 14-cv-03274-LTB (D. Colo.

Dec. 2, 2014), dismissed with prejudice as frivolous. Plaintiff is warned the Court may impose appropriate sanctions if he persists in engaging in frivolous lawsuits.

7. *Cross v. Dr. Sachs, et al.*, No. 14-cv-03275-LTB (D. Colo. Dec. 2, 2014), dismissed with prejudice as frivolous. Plaintiff is warned the Court may impose appropriate sanctions if he persists in engaging in frivolous lawsuits.

8. *Cross v. Sheriff's Deputy Decker, et al.*, No. 14-cv-03391-LTB (D. Colo. Dec. 16, 2014), dismissed with prejudice as frivolous. Plaintiff is warned the Court may impose appropriate sanctions if he persists in engaging in frivolous lawsuits.

9. *Cross v. Sheriff's Deputy J. Jackman, et al.*, No. 14-cv-03406-LTB (D. Colo. Dec. 17, 2014), dismissed with prejudice as frivolous. Plaintiff is warned the Court may impose appropriate sanctions if he persists in engaging in frivolous lawsuits.

10. *Cross v. Captain Romero, et al.,* No. 15-cv-00084-LTB (D. Colo. Jan. 12, 2015), dismissed without prejudice for failure to cure deficiencies within the time allowed.

11. *Cross v. The Nurse Rufina, et al.*, No. 15-cv-00098-LTB (D. Colo. Jan. 14, 2015), dismissed without prejudice for failure to cure deficiencies within the time allowed.

12. *Cross v. State of Colorado*, No. 15-cv-00183-LTB (D. Colo. Jan. 27, 2015), dismissed without prejudice for failure to cure deficiencies within the time allowed.

13. *Cross v. Aramark Corp., et al.*, No. 14-cv-02902-GPG (D. Colo. filed Oct. 24, 2014), pending before the Court.

All of the lawsuits stem from Mr. Cross' belief that he is the target of a seven-year campaign of "poisoning" and "harassment / aggitation / defaming / isolating and ostracizing" by prison officials and private citizens who allegedly are acting at the direction of an "unknown/unnamed Federal Agency." Two actions were dismissed for failure to comply with Court orders and three actions were dismissed for failure to cure deficiencies. In five of the thirteen actions, Mr. Cross failed to prosecute. Seven actions were dismissed as factually frivolous under § 28 U.S.C. § 1915(e)(2)(B). In six

of the actions dismissed as frivolous, Mr. Cross was warned that he may not abuse the judicial process by filing frivolous claims and that if he persists in engaging in frivolous lawsuits, the Court has the power to regulate the activities of abusive litigants by imposing appropriate sanctions.

Despite the Court's repeated efforts to allowed Mr. Cross to proceed *pro se* in this Court, he is unable to represent himself properly. The Court will not tolerate abuse of its limited judicial resources by *pro se* litigants who abuse the judicial system. "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d at 352).

> Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Andrews*, 483 F.3d at 1077.

If a *pro se* party signs a pleading in violation of Fed. R. Civ. P. 11(b) a court "may . . . impose an appropriate sanction" upon that party. See Fed. R. Civ. P. 11©. Rule 11 serves several purposes, including, but not limited to, (1) deterring future litigation abuse; (2) punishing present litigation abuse; and (3) streamlining court dockets and facilitating case management. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 683

(10th Cir. 1990) (citing American Bar Association, *Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure* (1988), *reprinted in,* 5 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* 212, 235-36 (Supp. 1989)). Deterrence is the primary goal of a sanction. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). A pattern of groundless and vexatious litigation will support an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989).

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions and who generally abuses judicial process. *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may be directed to provide limitations or conditions on the filing of future suits. *Id.* Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati*, 878 F.2d at 353-54. Mr. Cross has the right to notice and to oppose, in writing, the imposition of future restrictions. *See Tripati*, 878 F.2d at 354.

Having reviewed the cases Mr. Cross has filed in this Court, the Court finds that he is not capable of proceeding *pro se* in litigation in this Court and that his abusive history of filing frivolous actions described above demonstrates that imposition of filing

restrictions is appropriate. While this Court has an obligation to give *pro se* litigants wide latitude, *see Haines,* 404 U.S. at 519, the Court is not obligated to continue to accept the filing of lawsuits Mr. Cross initiates, but is unable to pursue in a proper manner. The Court, therefore, will direct Mr. Cross to show cause why he should not be prohibited from filing new civil actions in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado, unless he obtains permission from the court to proceed *pro se*. In order to obtain permission to proceed *pro se*, Mr. Cross will be directed to take the following steps:

1. File with the clerk of this Court a motion requesting leave to file a *pro se* action.

2. Include in the motion requesting leave to file a *pro se* action the following information:

    A. A list of all lawsuits currently pending or filed previously in the District of Colorado, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each case; and

    B. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of Colorado. If so, he must cite the case number and docket number where the legal issues previously have been raised.

3. Submit the proposed new pleading to be filed in the *pro se* action.

The motion requesting leave to file a *pro se* action and the proposed new pleading shall be submitted to the clerk of the Court, who shall file and forward them to the Chief Judge pursuant to D.C.COLO.CivR. 8.1 for review. If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed. If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance

with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

Finally, as noted above, Mr. Cross must be given an opportunity to oppose imposition of these filing restrictions before they may be implemented. Therefore, Mr. Cross will be directed to show cause why the filing restrictions discussed in this order should not be imposed. If Mr. Cross fails to show good cause within the time allowed, the filing restrictions will be imposed.

Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 46) is denied and the action is dismissed without prejudice for the failure of Plaintiff, Elmer L. Cross, Jr., to file an amended complaint and *in forma pauperis* application that complies with the directives of the February 18, 2015 order. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that Mr. Cross show cause **within thirty (30) days from the date of this order** why the United States District Court for the District of Colorado should not enjoin him from filing any civil action in this Court, in which he is the proponent of a claim, without representation of an attorney licensed to practice in the State of Colorado, unless he first obtains leave of Court by a judicial officer to proceed *pro se* in the action. It is

FURTHER ORDERED that if Mr. Cross fails to show good cause within the time allowed, an order enjoining him from filing future *pro se* pleadings shall be entered by the Court. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED April 1, 2015, at Denver, Colorado.

                                BY THE COURT:


                                s/Lewis T. Babcock
                                LEWIS T. BABCOCK, Senior Judge
                                United States District Court