IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02902-LTB

ELMER L. CROSS, JR.,

     Plaintiff,

v.

ARAMARK CORPORATION, and
DORIS, Aramark Commissary Employee,
UNNAMED MALE, Aramark Commissary Employee,
UNNAMED MALE, Aramark Commissary Employee, and
UNNAMED FEMALE, Aramark Commissary Employee,

     Defendants.

---

## IMPOSITION OF SANCTIONS

---

On April 1, 2015, the Court ordered Plaintiff Elmer L. Cross, Jr., to respond and show cause within thirty days why the United States District Court for the District of Colorado should not enjoin him from filing any civil action in this Court, in which he is the proponent of a claim, without representation of an attorney licensed to practice in the State of Colorado, unless he first obtains leave of Court by a judicial officer to proceed *pro se* in the action.  Plaintiff was warned that if he failed to show cause within the time allowed, an order enjoining him from filing future *pro se* pleadings would be entered by the Court.  Plaintiff now has failed to respond to the Court's show cause order within the time allowed.

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is

frivolous or malicious."  *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations

omitted) (per curiam).  "Federal courts have the inherent power under 28 U.S.C.

§ 1651(a) to regulate the activities of abusive litigants by imposing carefully tailored

restrictions in appropriate circumstances."  *See Andrews v. Heaton,* 483 F,3d 1070,

1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th

Cir. 2006); *Tripati v. Beaman*, 878 F.2d 351, 351 (10th Cir. 1989).  "There is strong

precedent establishing the inherent power of federal courts to regulate the activities of

abusive litigants by imposing carefully tailored restrictions under the appropriate

circumstances," *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986), and "where, as

here, a party has engaged in a pattern of litigation activity which is manifestly abusive,

restrictions are appropriate," *In re Winslow,* 17 F.3d 314, 315 (10th Cir. 1994).

Filing restrictions, therefore, are appropriate in this case, as provided for in

*Tripati*, 878 F.2d at 351.  As the Court found in the April 1, 2015 Order, Plaintiff is not

capable of proceeding *pro se* in litigation in this Court and his abusive history of filing

frivolous actions demonstrates that imposition of filing restrictions is warranted.  The

Court also has provided a guideline to him to obtain permission to file civil actions in this

Court, of which he received notice and an opportunity to oppose before it is

implemented.  *Tripati*, 878 F.2d at 353-54.

Therefore, it is ORDERED that to obtain permission to proceed *pro se*, Plaintiff

must take the following steps:

    1.     File with the Clerk of this Court a motion requesting leave to file a
             *pro se* action.

    2.     Include in the motion requesting leave to file a *pro se* action the following

information:

A.      A list of all lawsuits currently pending or filed previously in the District of Colorado, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each case; and

B.      A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of Colorado.  If so, he must cite the case number and docket number where the legal issues previously have been raised.

3.      Submit the proposed new pleading to be filed in the *pro se* action.

It is FURTHER ORDERED that the motion requesting leave to file a *pro se* action and the proposed new pleading shall be submitted to the Clerk of the Court, who shall file and forward them to the designee of the Chief Judge pursuant to D.C.COLO.CivR. 8.1 for review.  If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed.  If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

DATED at Denver, Colorado, this   7th   day of      May      , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court